UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS ENLOW,

        Plaintiff,

v.                      Case No. 8:11-cv-2010-T-33EAJ

POLK COUNTY SHERIFF'S OFFICE
DEPARTMENT OF DETENTION
AND MEDICAL SERVICES,

        Defendant.
_____

## **O R D E R**

The Court has for its consideration the pro se prisoner Plaintiff Enlow's civil rights complaint filed against Defendant pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed for the following reasons.

**Plaintiff's Allegations**

Plaintiff Enlow, who is incarcerated in the Polk County Jail, Polk County, Florida, contends that:

> Under Federal A.D.A. Disabilities Act, for Mr. Wyatt taking Enlow out of green suits resulting in his being put in orange where he was brutally attacked by

his co-defendant in South County Jail.  Mr. Wyatt jeopardized Mr. Enlows [sic] life by acting in place of a real doctor.  He is a registered nurse. The company that represents Mr. Wyatt is C.M.S.

In support, Enlow alleges:

On 01-27-11 I was assaulted by my co-defendant coming from attorney booth.  Robert Eugene Duffy Age 28 DOB 04-3-1982. That was the first incident.  The second one occured [sic] on 01-28-11.  Him [sic] and a couple of his friends ran in the cell and assaulted me and ran out. I notified a [sic] officer which [sic] wrote a [sic] incident report.  Medical also wrote one in South County.  After that they put me back in the green uniform and brought me back to Central County Jail bldg.1. Ray Wyatt came to check my genetials [sic] and he told me if I didn't let him he would take me out of greens and he wouldn't let me use the T.T.Y. phone.[1]  Another nurse called a doctor which he [sic] approved a pass.

Enlow seeks to have this Court:

see that this unfortunate and cruel punishment do   [sic] not happen to another person.  I have a hearing problem and Mr. Wyatt put me in population.  I felt like he wasn't professional in the decision he made which resulted to [sic]  me getting assaulted. There should be pain and suffering relief due to the fact he put me in population. I've went [sic] through mental anguish and depression.

## DISCUSSION

### Standard of Review

The Court construes Enlow's filing of the complaint without payment of a filing fee as his desire to proceed in forma pauperis. Since Enlow seeks to proceed in forma pauperis, the Court may dismiss the complaint if it finds that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Dismissals for failure to state a claim are governed by the same standard as Federal

---

[1] The T.T.Y. telephone is for inmates with hearing problems.

Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.* 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 520 U.S. 544 (2007).

## Analysis

To state a claim in a civil rights action under 42 U.S.C. § 1983, Enlow must allege that he was deprived of a right secured by the Constitution and Laws of the United States by someone acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Dollar v. Haralson County,* 704 F.2d 1540, 1542-43 (11th Cir.), *cert. denied*, 464 U.S. 963 (1983). Section 1983 does not create substantive rights; rather, it provides remedies for rights established elsewhere in the Constitution or federal statutes. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). An underlying constitutional right must exist before a §1983 action will lie. *See Wideman*, 826 F.2d at 1032.

Enlow has not alleged the violation of any federal constitutional right and has not pled facts to demonstrate that any named Defendant violated his constitutional rights. Thus, his complaint fails to state a claim on which relief may be granted.

Accordingly, the Court orders:

That Enlow's complaint (Doc. 1) is dismissed, without prejudice. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on September 7, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Marcus Enlow